IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, § § § § | |
| Plaintiff, § § | |
| vs. § § | CIVIL ACTION NO. |
| ASHLEY NEBLETT AND SHYLIA WILLIAMS, § § § § | |
| Defendants. § § § § | |

## INTERPLEADER COMPLAINT

Plaintiff Hartford Life and Accident Insurance Company ("Hartford") submits this Interpleader Complaint and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for interpleader of life insurance proceeds to be distributed as determined by the Court.

2. Interpleader plaintiff Hartford is a life and accident insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3. Hartford is duly licensed to do business in the State of Colorado.

4. William J. Neblett ("Decedent") was a resident of Colorado.

5. The Decedent was a participant in the group employee benefits plan ("Plan") of Corporate Express US, Inc. ("Corporate Express").

6. The Decedent elected basic life insurance coverage for himself under the Plan.

7. Hartford is the claim administrator responsible for the determination of claims for life benefits under the Plan.

8. Hartford issued Group Policy No. OGL 674851 ("Group Policy") to Corporate Express to fund the Plan's life benefits.

9. The Group Policy is part of the Plan.

10. The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 to 1461, governs the Plan and the Group Policy.

11. On October 31, 2020, the Decedent died.

12. Defendant Ashley G. Neblett is a surviving daughter of the Decedent. On information and belief, Ms. Neblett is a citizen and resident of Arapahoe County, Colorado, and resides at 233 Nome Street, Aurora, CO 80010.

13. Defendant Shylia Williams is a surviving daughter of the Decedent. On information and belief, Ms. Williams is a citizen and resident of Lake County, Indiana, and resides at 957 Wilcox Street, Hammond, IN 46320.

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically ERISA, and is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1397, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL BACKGROUND**

16. The Decedent had life benefits under the Plan.

17. In the event of the Decedent's death, the Plan provides for basic life benefits in the total amount of $39,000, minus a funeral home assignment of $5,483.68 ("Benefits").

18. On October 31, 2020, the Decedent died.

19. On November 2, 2020 Ashley Neblett submitted a beneficiary designation form, dated October 30, 2020, which stated that she was the primary beneficiary and entitled to 100% of the benefits. This is the only beneficiary designation form in Hartford's possession.

20. Shylia Williams claims that the beneficiary designation form was not signed by the Decedent.

21. The Plan contains a default beneficiary provision, which gives Hartford the option to distribute Benefits as follows: If no beneficiary is named, or if no beneficiary survives the Decedent, Hartford may, at its option, pay: (1) the executors or administrators of the Decedent's estate; or (2) the Decedent's surviving relatives in the following order: (a) all to the Decedent's surviving spouse; or (b) if the Decedent's spouse does not survive the Decedent, in equal shares to the Decedent's surviving children.

22. No spouse survives the Decedent, so under the default beneficiary provision, the Decedent's children would be next in line to receive the Benefits.

23. The Decedent had three children: Ashley Neblett, Shylia Williams, and William Neblett, Jr.

24. The Decedent's children could not reach an agreement regarding the distribution of the Benefits.

25. Ashley Neblett has submitted a claim for the Benefits on behalf of herself.

26. Shylia Williams has submitted a claim for the Benefits on behalf of herself.

27. Hartford cannot determine the proper beneficiary of the Benefits without risking exposure to double liability.

28. As a mere stakeholder, Hartford has no interest in the Benefits (except to recover its attorney fees and costs of this action), and, therefore, requests that the Court determine to whom the Benefits should be paid.

29. Hartford is ready, willing, and able to pay the Benefits in accordance with the terms of the Plan to whomever the Court shall determine to be the beneficiary or beneficiaries entitled to receive the Benefits.

30. Hartford will deposit the Benefits into the Registry of the Court, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the judgment of the Court.

WHEREFORE, plaintiff Hartford Life and Accident Insurance Company requests that the Court grant the following relief:

1. Restrain and enjoin defendants Ashley Neblett and Shylia Williams from instituting any action or proceeding in any state or United States court against Hartford for the recovery of the Benefits, plus any applicable interest, by reason of the death of the Decedent;

2. Require that defendants Ashley Neblett and Shylia Williams litigate or settle and adjust between themselves their claims for the Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Benefits, plus any applicable interest, should be paid;

3. Permit Hartford to pay into the Registry of the Court the Benefits, plus any applicable interest, and upon such payment dismiss Hartford with prejudice from this action, and discharge Hartford from any further liability for the Benefits, plus any applicable interest, payable as a consequence of the death of the Decedent;

4. Award Hartford its costs and attorneys' fees; and

5. Award Hartford such other and further relief as this Court deems just, equitable, and proper.

Dated this 10th day of March, 2021.

          HOLLAND & HART LLP

          /s/ *Devra T. Hake*
          Devra T. Hake #55103
          Holland & Hart LLP
          555 17th Street, Suite 3200
          Denver, CO 80202
          Tel.: 303.295.8018
          Fax: 303.295.8261
          dthake@hollandhart.com

          *Attorneys for Plaintiff Hartford Life and Accident Insurance Company*

16298156_v1